No. 18,562.

PATRICIA MEDINA *v.* RAYMOND GONZALES.
(347 P. [2d] 133)

Decided November 30, 1959.

Mr. JOHN C. BANKS, Mr. FRANK A. ELZI, Mr. ARTHUR E. RYMAN, JR., for plaintiff in error.

Mr. JOHN D. SAVIERS, Mr. LELAND M. COULTER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THIS is a dependency proceeding commenced in the Juvenile Court of the City and County of Denver. In the petition it was alleged that respondent is the father of Cynthia Bernadette Gonzales, a child born August 28, 1946, and has failed to provide for her support. The petitioner is the mother of said child.

The mother was under the age of eighteen years when the child was born; had been previously married, which marriage was annulled in August 1945. She testified that on November 22 or November 24, 1945, and again on December 25, 1945, respondent had intercourse with her, which resulted in pregnancy and the birth of the child August 28, 1946. Respondent, a soldier, by answer denied paternity of the child; set up laches and plead C.R.S. '53, 22-6-6, as a bar to the action.

In addition to petitioner's evidence, respondent was called as an adverse witness, he declined to answer most of the questions propounded on the ground that his answers might incriminate him.

The trial court at the conclusion of petitioner's evidence and in ruling on respondent's motion for a directed verdict stated: "at the present time there is a preponderance of evidence against him [Respondent]." A recess was then taken, following which the trial court, without

120

the introduction of further evidence, stated: "The Court feels at this time that the burden of proof by a preponderance of evidence has not been sustained by the Petitioner in this case * * *. * * * the Court feels that as a matter of law the burden of proof required by the law had not been sustained by the Petitioner herein. The Court further rules that there is not enough evidence to go before a jury * * * and the case will be dismissed with prejudice."

The petitioner testified to acts of intercourse with respondent, the fact that she became pregnant as a result thereof and within the permissible period of gestation gave birth to the child; that she was unmarried at the time and had had no sexual relations with any other man prior to and following the acts to which she testified. This made a prima facie case sufficient to require submission to the jury. Respondent offered no testimony to controvert that offered by petitioner, and when called as an adverse witness by petitioner, invoked the Fifth Amendment to the Federal Constitution. When asked whether he had had sexual relations with petitioner he declined to answer on the ground that his answer might incriminate him. There was, therefore, no denial of the prima facie case made by petitioner. The trial court erred in directing a dismissal of the action.

All testimony which the parties desired to present having been submitted to the court and jury, it being manifest that petitioner made out a case which was not contradicted by evidence, it is ordered that the judgment of the trial court be reversed and remanded for further proceedings consistent with this opinion.